Docket No. 14-1724

𝔘𝔫𝔦𝔱𝔢𝔡 𝔖𝔱𝔞𝔱𝔢𝔰 𝔆𝔬𝔲𝔯𝔱 𝔬𝔣 𝔄𝔭𝔭𝔢𝔞𝔩𝔰 𝔣𝔬𝔯 𝔱𝔥𝔢 𝔉𝔬𝔲𝔯𝔱𝔥 𝔆𝔦𝔯𝔠𝔲𝔦𝔱

In re: GNC CORPORATION; TRIFLEX PRODUCTS MARKETING AND
SALES PRACTICES LITIGATION (NO. II)

-------------------------------------

YVONNE BROWN; SHAWN HOWARD, on behalf of themselves and all others
similarly situated; MICHAEL LERNA, on behalf of themselves and all others
similarly situated; JEREMY GAATZ, on behalf of themselves and all others
similarly situated; ROBERT TOBACK; ROBERT CALVERT; THOMAS
FLOWERS; JOHN J. GROSS; JUSTIN M. GEORGE; LOUIS LASTRES, on
behalf of themselves and all others similarly situated,

*Plaintiffs – Appellants*

v.

GNC CORPORATION, a Delaware Corporation, GNC HOLDINGS, INC.;
RITE AID CORPORATION

*Defendant – Appellee*

## ON APPEAL FROM THE U.S. DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

## RESPONSE BRIEF OF APPELLEES GENERAL NUTRITION
## CORPORATION, GNC HOLDINGS, INC., AND RITE AID CORPORATION

E. Duncan Getchell, Jr.
MCGUIREWOODS LLP
One James Center
901 East Cary Street
Richmond, VA 23219
Tel: (804) 775-1000

Gordon W. Schmidt
Courtney S. Schorr
MCGUIREWOODS LLP
625 Liberty Avenue, 23rd Floor
Pittsburgh, PA 15222
Tel: (412) 667-6000

**UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT**
**DISCLOSURE OF CORPORATE AFFILIATIONS AND OTHER INTERESTS**

Disclosures must be filed on behalf of <u>all</u> parties to a civil, agency, bankruptcy or mandamus case, except that a disclosure statement is **not** required from the United States, from an indigent party, or from a state or local government in a pro se case. In mandamus cases arising from a civil or bankruptcy action, all parties to the action in the district court are considered parties to the mandamus case.

Corporate defendants in a criminal or post-conviction case and corporate amici curiae are required to file disclosure statements.

If counsel is not a registered ECF filer and does not intend to file documents other than the required disclosure statement, counsel may file the disclosure statement in paper rather than electronic form. Counsel has a continuing duty to update this information.

No. <u>14-1724</u>        Caption: <u>In re: GNC Corp.; Triflex Products Marketing and Sales Practices (II)</u>

Pursuant to FRAP 26.1 and Local Rule 26.1,

<u>GNC Holdings, Inc.</u>
(name of party/amicus)

_____

who is _____<u>Appellee</u>_____, makes the following disclosure:
(appellant/appellee/petitioner/respondent/amicus/intervenor)

1.   Is party/amicus a publicly held corporation or other publicly held entity?   ☑ YES ☐ NO

2.   Does party/amicus have any parent corporations?                      ☐ YES ☑ NO
     If yes, identify all parent corporations, including grandparent and great-grandparent
     corporations:
     GNC Holdings, Inc.

3.   Is 10% or more of the stock of a party/amicus owned by a publicly held corporation or
     other publicly held entity?                                         ☐ YES ☑ NO
     If yes, identify all such owners:

4.   Is there any other publicly held corporation or other publicly held entity that has a direct
     financial interest in the outcome of the litigation (Local Rule 26.1(b))?  ☑YES ☐NO
     If yes, identify entity and nature of interest:

     Rite Aid Corporation

5.   Is party a trade association? (amici curiae do not complete this question)  ☐YES ☑NO
     If yes, identify any publicly held member whose stock or equity value could be affected
     substantially by the outcome of the proceeding or whose claims the trade association is
     pursuing in a representative capacity, or state that there is no such member:

6.   Does this case arise out of a bankruptcy proceeding?  ☐YES ☑NO
     If yes, identify any trustee and the members of any creditors' committee:

Signature: /s/ Courtney S. Schorr                 Date:        8/7/2014

Counsel for: Appellees

## CERTIFICATE OF SERVICE
*****************************

I certify that on _____ 8/7/2014 _____ the foregoing document was served on all parties or their
counsel of record through the CM/ECF system if they are registered users or, if they are not, by
serving a true and correct copy at the addresses listed below:

Jeffrey I. Carton                          Reginald V. Terrell
Denlea and Carton LLP                      The Terrell Law Group
One N. Broadway, Suite 509                 P.O. Box 13315 PMB 148
White Plains, NY 10601                     Oakland, AR 94661

Elaine A. Ryan, Esquire                    R. Bruce Carlson, Esquire
Bonnett, Fairbourn, Friedman & Balint, PC  Carlson Lynch Ltd.
2325 East Camelback Road, Suite 300        PNC Park
Phoenix, AZ 85016                          115 Federal Street, Suite 210
                                           Pittsburgh, PA 15212

/s/ Courtney S. Schorr                            8/7/2014
     (signature)                                   (date)

- 2 -

UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
DISCLOSURE OF CORPORATE AFFILIATIONS AND OTHER INTERESTS

Disclosures must be filed on behalf of all parties to a civil, agency, bankruptcy or mandamus case, except that a disclosure statement is **not** required from the United States, from an indigent party, or from a state or local government in a pro se case. In mandamus cases arising from a civil or bankruptcy action, all parties to the action in the district court are considered parties to the mandamus case.

Corporate defendants in a criminal or post-conviction case and corporate amici curiae are required to file disclosure statements.

If counsel is not a registered ECF filer and does not intend to file documents other than the required disclosure statement, counsel may file the disclosure statement in paper rather than electronic form. Counsel has a continuing duty to update this information.

No. __14-1724__    Caption: __In re: GNC Corp.; Triflex Products Marketing and Sales Practices (II)__

Pursuant to FRAP 26.1 and Local Rule 26.1,

__General Nutrition Corporation__
(name of party/amicus)



who is _____Appellee_____, makes the following disclosure:
(appellant/appellee/petitioner/respondent/amicus/intervenor)


1.    Is party/amicus a publicly held corporation or other publicly held entity?  ☐ YES ☑ NO


2.    Does party/amicus have any parent corporations?    ☑ YES ☐ NO
      If yes, identify all parent corporations, including grandparent and great-grandparent corporations:
        GNC Holdings, Inc.


3.    Is 10% or more of the stock of a party/amicus owned by a publicly held corporation or other publicly held entity?    ☑ YES ☐ NO
      If yes, identify all such owners:
        GNC Holdings, Inc.

4.   Is there any other publicly held corporation or other publicly held entity that has a direct
     financial interest in the outcome of the litigation (Local Rule 26.1(b))?   ☑YES ☐NO
     If yes, identify entity and nature of interest:

       Rite Aid Corporation

5.   Is party a trade association? (amici curiae do not complete this question)   ☐YES ☑NO
     If yes, identify any publicly held member whose stock or equity value could be affected
     substantially by the outcome of the proceeding or whose claims the trade association is
     pursuing in a representative capacity, or state that there is no such member:

6.   Does this case arise out of a bankruptcy proceeding?   ☐YES ☑NO
     If yes, identify any trustee and the members of any creditors' committee:

Signature: /s/ Courtney S. Schorr                          Date:         8/7/2014

Counsel for: Appellees

## CERTIFICATE OF SERVICE
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

I certify that on        8/7/2014        the foregoing document was served on all parties or their
counsel of record through the CM/ECF system if they are registered users or, if they are not, by
serving a true and correct copy at the addresses listed below:

Jeffrey I. Carton                          Reginald V. Terrell
Denlea and Carton LLP                      The Terrell Law Group
One N. Broadway, Suite 509                 P.O. Box 13315 PMB 148
White Plains, NY 10601                     Oakland, AR 94661

Elaine A. Ryan, Esquire                    R. Bruce Carlson, Esquire
Bonnett, Fairbourn, Friedman & Balint, PC  Carlson Lynch Ltd.
2325 East Camelback Road, Suite 300        PNC Park
Phoenix, AZ 85016                          115 Federal Street, Suite 210
                                           Pittsburgh, PA 15212

/s/ Courtney S. Schorr                              8/7/2014
     (signature)                                     (date)

- 2 -

UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
DISCLOSURE OF CORPORATE AFFILIATIONS AND OTHER INTERESTS

Disclosures must be filed on behalf of <u>all</u> parties to a civil, agency, bankruptcy or mandamus case, except that a disclosure statement is **not** required from the United States, from an indigent party, or from a state or local government in a pro se case. In mandamus cases arising from a civil or bankruptcy action, all parties to the action in the district court are considered parties to the mandamus case.

Corporate defendants in a criminal or post-conviction case and corporate amici curiae are required to file disclosure statements.

If counsel is not a registered ECF filer and does not intend to file documents other than the required disclosure statement, counsel may file the disclosure statement in paper rather than electronic form. Counsel has a continuing duty to update this information.

No. __14-1724__    Caption: In re: GNC Corp.; Triflex Products Marketing and Sales Practices (II)

Pursuant to FRAP 26.1 and Local Rule 26.1,

Rite Aid Corporation
(name of party/amicus)

who is _____Appellee_____ , makes the following disclosure:
(appellant/appellee/petitioner/respondent/amicus/intervenor)

1.  Is party/amicus a publicly held corporation or other publicly held entity? ☑ YES ☐ NO

2.  Does party/amicus have any parent corporations?                          ☐ YES ☑ NO
    If yes, identify all parent corporations, including grandparent and great-grandparent corporations:

3.  Is 10% or more of the stock of a party/amicus owned by a publicly held corporation or other publicly held entity?                                          ☐ YES ☑ NO
    If yes, identify all such owners:

4.  Is there any other publicly held corporation or other publicly held entity that has a direct
    financial interest in the outcome of the litigation (Local Rule 26.1(b))?  ☑ YES ☐ NO
    If yes, identify entity and nature of interest:

    GNC Holdings, Inc.

5.  Is party a trade association? (amici curiae do not complete this question)  ☐ YES ☑ NO
    If yes, identify any publicly held member whose stock or equity value could be affected
    substantially by the outcome of the proceeding or whose claims the trade association is
    pursuing in a representative capacity, or state that there is no such member:

6.  Does this case arise out of a bankruptcy proceeding?                       ☐ YES ☑ NO
    If yes, identify any trustee and the members of any creditors' committee:

Signature: /s/ Courtney S. Schorr                    Date: _____8/7/2014_____

Counsel for: Appellees

## CERTIFICATE OF SERVICE
***************************

I certify that on _____8/7/2014_____ the foregoing document was served on all parties or their
counsel of record through the CM/ECF system if they are registered users or, if they are not, by
serving a true and correct copy at the addresses listed below:

Jeffrey I. Carton                          Reginald V. Terrell
Denlea and Carton LLP                      The Terrell Law Group
One N. Broadway, Suite 509                 P.O. Box 13315 PMB 148
White Plains, NY 10601                     Oakland, AR 94661

Elaine A. Ryan, Esquire                    R. Bruce Carlson, Esquire
Bonnett, Fairbourn, Friedman & Balint, PC  Carlson Lynch Ltd.
2325 East Camelback Road, Suite 300        PNC Park
Phoenix, AZ 85016                          115 Federal Street, Suite 210
                                           Pittsburgh, PA 15212

/s/ Courtney S. Schorr                              _____8/7/2014_____
      (signature)                                         (date)

- 2 -

# TABLE OF CONTENTS

Page

JURISDICTIONAL STATEMENT ........................................................................ 1

STATEMENT OF THE ISSUES .......................................................................... 2

STATEMENT OF THE CASE ............................................................................. 2

SUMMARY OF THE ARGUMENT ...................................................................... 5

STANDARD OF REVIEW .................................................................................. 7

ARGUMENT ................................................................................................... 9

I.    THE DISTRICT COURT PROPERLY DISMISSED
      PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT
      FOR FAILURE TO STATE A CLAIM ....................................................... 9

      A.    The District Court Specifically Found No Plausible
            Allegation of Falsity or Deception with Respect to
            Consumers Suffering from Osteoarthritis after
            Considering all of Plaintiffs' Allegations Including those
            Regarding the Study on the TriFlex Fast-Acting Product ........ 9

      B.    The District Court Properly Found That the CAC Was
            Also Fatally Flawed with Respect to the Non-Arthritic
            Consumers Under the "Plausibility" Standard Established
            by *Iqbal* and *Twombly* ........................................................... 12

      C.    These Well-Established Pleading Requirements Should
            Not Be Relaxed in a Speech Case .......................................... 16

II.   ALTERNATE GROUNDS ALSO SUPPORT THE DISTRICT
      COURT'S DISMISSAL OF THE CONSOLIDATED
      AMENDED COMPLAINT ..................................................................... 17

      A.    Plaintiffs' Claims Fail for Want of a Plausible Averment
            that Defendants' Representations Are Actually False ........... 17

            1.    The Studies Cited by Plaintiffs Did Not Involve
                  Defendants' Products or Identical Ingredients ............. 18

            2.    The Studies Did Not Test the Effectiveness of the
                  Products with Respect to the Represented Health
                  Benefits ................................................................... 20

      B.    Plaintiffs' Claims Also Fail under the Heightened
            Pleading Standard of Rule 9(b) .............................................. 23

i

# TABLE OF CONTENTS
## (cont.)

Page

    C.    Plaintiffs Failed to Sufficiently Plead a Non-Disclosure Claim .................................................................................. 24

    D.    Plaintiffs Lack Standing to Assert Claims With Respect to Products They Did Not Purchase ........................................ 26

III.    THE DISTRICT COURT DID NOT ABUSE ITS DISCRETION IN DISMISSING THE CONSOLIDATED AMENDED COMPLAINT WITH LEAVE TO AMEND ONLY IF PLAINTIFFS COULD DO SO IN ACCORDANCE WITH RULE 11 .............................................................................. 27

IV.    THIS COURT LACKS JURISDICTION TO REVIEW THE DISTRICT COURT'S SEPTEMBER 9, 2014 ORDER, AND EVEN IF IT FINDS IT HAS JURISDICTION, THE DISTRICT COURT DID NOT ABUSE ITS DISCRETION IN DENYING PLAINTIFFS' RULE 60(B) MOTION .......................... 29

    A.    The Court Lacks Jurisdiction to Review the District Court's September 9, 2014 Order .......................................... 29

    B.    Even if this Court has Jurisdiction To Review the September 9th Order, the District Court Did Not Abuse Its Discretion in Denying Plaintiffs' Rule 60(b) Motion ........ 30

CONCLUSION ...................................................................................... 33

REQUEST FOR ORAL ARGUMENT................................................. 35

CERTIFICATE OF COMPLIANCE ................................................... 36

CERTIFICATE OF SERVICE............................................................ 37

# TABLE OF AUTHORITIES

**Page(s)**

<small>CASES</small>

*American Elec. Power Co. v. Connecticut*, 131 S. Ct. 2527 (2011) ....................... 32

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ........................................................... 2, 8, 14

*Begualg Inv. Mgmt. Inc. v. Four Seasons Hotel Ltd.*, No. 10-22153-CIV, 2011 WL 4434891 (S.D. Fla. Sept. 23, 2011) .................................................. 23

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ........................................ 2, 22

*Branche v. Wells Fargo Mortgage Co.*, No. 1:11-cv-468, 2012 WL 3560825 (M.D. Pa. Aug. 16, 2012) .................................................................................. 23

*Bruton v. Gerber Prods. Co.*, No. 12-cv-02412-LHK, 2014 WL 172111 (N.D. Cal. Jan. 15, 2014) ................................................................................. 26

*CNF Constructors, Inc. v. Donohoe Constr. Co.*, 57 F.3d 395 (4th Cir. 1995) ...... 31

*Connors v. Muncy*, Nos. 93-1493, 93-1694 ........................................................ 29

*Consol. Edison Co. of N.Y. v. Public Serv. Comm'n of N.Y.*, 447 U.S. 553 (1980) ................................................................................................... 16–17

*Donnelly v. Option One Mortg. Corp.*, No. 11-7019, 2014 U.S. Dist. LEXIS 41924, (D.N.J. Mar. 26, 2014) ......................................................................... 23

*Eckler v. Wal-Mart Stores, Inc.*, No. 12-CV-727-LAB-MDD, 2012 U.S. Dist. LEXIS 157132 (S.D. Cal. Nov. 1, 2012) .......................... 10, 13, 21, 22, 32

*Ellis v. Louisiana-Pacific Corp.*, 699 F.3d 778 (4th Cir. 2012).......................... 8, 17

*Equal Rights Ctr. v. Niles Bolton Assocs.*, 602 F.3d 597 (4th Cir. 2010)........... 8, 28

*Evans v. Eaton Corp. Long Term Disability Plan*, 514 F.3d 315 (4th Cir. 2008)............................................................................................................ 9

*Greifenstein v. Estee Lauder Corp., Inc.*, No. 12-cv-09235, 2013 WL 3874073 (N.D. Ill. July 26, 2013) .................................................................... 33

*Hodges v. Vitamin Shoppe, Inc.*, No. 13-3381 (SRC), 2014 U.S. Dist. LEXIS 5109 (D.N.J. Jan. 15, 2014)............................................................. 19

*Hoffman v. Nutraceutical Corp.*, No. 12-5803, 2013 WL 2650611 (D.N.J. June 10, 2013) ...................................................................................... 18

*Hoffman v. UBS-AG*, 591 F. Supp. 2d 522 (S.D.N.Y. 2008) ................................. 27

*Hooker v. United States*, 200 F. App'x 237 (4th Cir. 2006) ..................................... 8

*Horowitz v. Stryker Corp.*, 613 F. Supp. 2d 271 (E.D.N.Y. 2009) ......................... 18

*In re Eaton Vance Corp. Sec. Litig.*, 219 F.R.D. 38 (D. Mass. 2003) ..................... 27

*In re Intelligroup Sec. Litig.*, 527 F. Supp. 2d................................................... 14

*In re Omnivision Techs., Inc. Secs. Litig.*, 937 F. Supp. 2d 1090 (N.D. Cal. 2013)................................................................................................... 14

*In re Shop-Vac Mktg. & Sales Practices Litig.*, 964 F. Supp. 2d 355 (M.D. Pa. 2013)............................................................................................... 24

*In re Textainer P'ship Secs. Litig.*, No. C-05-0969, 2006 U.S. Dist. LEXIS 84395 (N.D. Cal. Aug. 10, 2006) ...................................................... 14

*Jones v. Prince George's Cnty., Md.*, 355 F. App'x 724 (4th Cir. 2009)................ 1, 29

*Kearns v. Ford Motor Co.*, 567 F.3d 1120 (9th Cir. 2009)..................................... 23

*Koronthaly v. L'Oréal USA, Inc.*, No. 07-5588, 2008 WL 2938045 (D.N.J. July 29, 2008) ..................................................................................... 26

*Lieberson v. Johnson & Johnson Consumer Cos.*, 865 F. Supp. 2d 529 (D.N.J. 2011) .............................................................................................. 27

*Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992).............................................. 26

*McCrary v. Elations Co., LLC*, No. 13-0242, 2013 WL 6403073 (C.D. Cal. July 12, 2013) .................................................................................. 21, 32

*Moheb v. Nutramax Laboratories Inc.*, No. 12–3633, 2012 WL 6951904 (C.D. Cal. Sept. 4, 2012) .......................................................... 15, 20

*Murray v. The Elations Co.*, No. 13-cv-02357-BAS(WVG), 2014 U.S. Dist. LEXIS 107721 (S.D. Cal. Aug. 4, 2014) ............................................. 13, 18, 20

*Padilla v. Costco Wholesale Corp.*, No. 11 C 7686, 2013 U.S. Dist. LEXIS 7990, (N.D. Ill. Jan. 16, 2013) ........................................................ 32

*Padilla v. Costco Wholesale Corp.*, No. 11-7686, 2012 WL 2397012 (N.D. Ill. June 21, 2012) .................................................................. 18, 24, 27

*Pearson v. Target Corp.*, No. 11-7972, 2012 WL 7761986 (N.D. Ill. Nov. 9, 2012) ..................................................................................... 27

*Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Co.*, 631 F.3d 436 (7th Cir. 2011) .................................................... 23

*Rivietz v. Wolohojian*, 832 N.Y.S.2d 505 (N.Y. App. Div. 2007) ......................... 25

*Robinson v. American Honda Motor Co.*, 551 F.3d 218 (4th Cir. 2009) ................. 7

*Rosen v. Unilever U.S., Inc.*, No. C 09-02563 JW, 2010 U.S. Dist. LEXIS 43797 (N.D. Cal. May 3, 2010) ............................................................ 19

*Rosenbaum v. Siha*, No. 99-6697, 1999 U.S. App. LEXIS 32877 (4th Cir. Dec. 20, 1999) .......................................................................... 11

*Seldon v. Home Loan Servs., Inc.*, 647 F. Supp. 2d 451 (E.D. Pa. 2009) ............... 18

*Sorrell v. IMS Health Inc.*, 131 S. Ct. 2653 (2011) .................................... 16

*St. Clair v. Kroger Co.*, 581 F. Supp. 2d 896 (N.D. Ohio 2008) ......................... 18

*State Coll. Area Sch. Dist. v. Royal Bank of Can.*, 825 F. Supp. 2d 573 (M.D. Pa. 2011) ........................................................................... 25

*Thompson v. W. States Med'l Ctr.*, 535 U.S. 357 (2002) ................................. 17

*Toback v. GNC Holdings, Inc.*, No. 13-80526-CIV, 2013 WL 5206103 (S.D. Fla. Sept. 13, 2013) ................................................... 19, 20, 22, 27, 32

*U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370 (4th Cir. 2008) ..................................................................................... 24

*United States v. Banks*, No. 97-7878, 1998 U.S. App. LEXIS 29936 (4th Cir. Nov. 23, 1998) .......................................................................... 29

*United States v. Hunt*, No. 92-5110, 1993 U.S. App. LEXIS 12924 (4th Cir. June 1, 1993) .......................................................................... 30

*United States v. Williams*, 674 F.2d 310 (4th Cir. 1982) ............................... 7, 8, 30

*Virgilio v. Ryland Grp., Inc.*, 680 F.3d 1329 (11th Cir. 2012) ............................. 18

*Walters v. McMahen*, 684 F.3d 435 (4th Cir. 2012) ................................................ 8

*Warth v. Seldin*, 422 U.S. 490 (1975) .................................................................. 26

*Wilson v. Frito-Lay N. Am., Inc.*, 961 F. Supp. 2d 1134 (N.D. Cal. 2013)............. 26

*Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136 (9th Cir. 2012)............................ 25

## FEDERALS STATUTES AND RULES

21 U.S.C. § 343(r)(6)........................................................................................ 15

28 U.S.C. § 1291 ................................................................................................. 1

Fed. R. App. P. 3(c)(1)(B)................................................................................... 1

Fed. R. Civ. 9(B) ............................................................................................... 23

Fed. R. Civ. P. 11 .............................................................................................. 27

## STATE STATUTES

Cal. Bus. & Prof. Code § 17200 *et seq* ............................................................... 4

Cal. Civil Code § 1750 *et seq.* ("CLRA") ............................................................ 4

Fla. Stat. §§ 501.201 *et seq.* ............................................................................... 4

Ill. Comp. Stat. 502/1, *et seq.* ("ICFA")............................................................... 4

N.J.S.A. 56:8-1 *et seq.* ........................................................................................ 4

New York Gen. Bus. Law § 349 ........................................................................... 4

New York Gen. Bus. Law § 350 ........................................................................... 4

Ohio Rev. Code Ann. § 1302.26 .......................................................................... 4

73 Pa. Stat. Ann. §§ 201-1, *et seq* ............................................................................ 4

Appellees General Nutrition Corporation,[1] GNC Holdings, Inc. (collectively, "GNC") and Rite Aid Corporation ("Rite Aid") (collectively, the "Defendants") submit this Brief in Response to the Opening Brief of the Appellants Yvonne Brown, Shawn Howard, Michael Lerna, Jeremy Gaatz, Robert Toback, Robert Calvert, Thomas Flowers, John J. Gross, Justin M. George, and Louis Lastres[2] (collectively, the "Plaintiffs") and state as follows:

## JURISDICTIONAL STATEMENT

This Court has jurisdiction over the appeal from the District Court's June 20, 2014 Order ("June 20th Order") pursuant to 28 U.S.C. § 1291. As explained more fully herein, however, this Court does not have jurisdiction to review the District Court's September 9, 2014 Order ("September 9th Order") denying Plaintiffs' Motion to Correct Mistake of Law pursuant to Rule 60(b) ("Plaintiffs' Rule 60(b) Motion"). *See* Fed. R. App. P. 3(c)(1)(B); *Jones v. Prince George's Cnty., Md.,* 355 F. App'x 724, 728 (4th Cir. 2009) ("Where the notice of appeal designates specific rulings being appealed, this court has no jurisdiction to review other judgments or issues not expressly referenced or even impliedly intended for appeal."). Plaintiffs' July 16, 2014 Notice of Appeal designated the June 20th

---

[1] In their Consolidated Amended Complaint ("CAC"), Plaintiffs incorrectly named "GNC Corporation" as a party defendant.

[2] Neither Yvonne Brown nor Louis Lastres were identified as named plaintiffs in the CAC. *See* CAC ¶¶ 15–22, JA at 25–28.

Order but did not reference the September 9th Order and Plaintiffs did not file a subsequent Notice of Appeal.

## STATEMENT OF THE ISSUES

1.    Whether the District Court properly dismissed Plaintiffs' Consolidated Amended Complaint ("CAC") for failure to "state a claim to relief that is plausible on its face," as required under *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)?

2.    Whether the District Court abused its discretion in dismissing the CAC with leave to amend only if Plaintiffs could do so in accordance with Rule 11?

3.    Whether this Court has jurisdiction to review the District Court's September 9th Order that Plaintiffs failed to appeal?

4.    Assuming in the alternative that jurisdiction exists to review the September 9th Order, whether the District Court abused its discretion in denying Plaintiffs' Rule 60(b) Motion in which Plaintiffs argued the District Court adopted an erroneous legal standard?

## STATEMENT OF THE CASE

In this putative consumer class action, Plaintiffs allege that GNC and Rite Aid misrepresented the benefits provided by their lines of dietary supplements containing glucosamine and chondroitin, among many other ingredients. Plaintiffs

2

Lerma, Gaatz, Toback, Calvert, and Howard (collectively, the "GNC Product Plaintiffs") purchased certain glucosamine/chondroitin-containing products manufactured and marketed by GNC under the TriFlex name.[3] CAC ¶¶ 15–19, JA at 25–27. Plaintiffs Flowers, Gross, and George (collectively, the "Rite Aid Product Plaintiffs") purchased certain glucosamine/chondroitin-containing products manufactured by GNC but marketed and sold by Rite Aid.[4] CAC ¶¶ 20–22, JA at 27–28. The products are collectively referred to as "Defendants' Products."

Citing studies regarding the effectiveness of two of the ingredients in Defendants' Products – glucosamine and chondroitin – in treating the disease of osteoarthritis, Plaintiffs claim that Defendants' Products which contain numerous other ingredients do not provide the represented benefits of promoting mobility and flexibility, improving joint comfort, cushioning joints, and rebuilding cartilage. CAC ¶ 7, JA at 23. The labels on Defendants' Products, however, expressly declare that they are "not intended to diagnose, treat, cure, or prevent any disease." JA at 188–205. Based on these scientific studies and an allegation in a footnote

---

[3] While Plaintiffs assert claims based on GNC's TriFlex product, none of the GNC Product Plaintiffs purchased that specific product. CAC ¶¶ 1, 15–19, JA at 21, 25–27.

[4] Neither Plaintiff Flowers nor Plaintiff Gross allege what specific Rite Aid product he purchased. CAC ¶¶ 20–21, JA at 27–28.

that unnamed "experts in the field" deem these studies to be "proxies" for the ingredients' effect on non-arthritic consumers, Plaintiffs brought claims alleging violations of a number of consumer protection, deceptive practices, and/or express warranty statutes.[5]

Defendants moved to dismiss Plaintiffs' CAC, and on June 20, 2014 the District Court granted Defendants' motion. JA at 242–50. In granting the motion, the District Court stated it would "grant plaintiffs leave to file an amended CAC if they can do so in accordance with Fed. R. Civ. P. 11." JA at 249. Instead of filing an amended complaint, Plaintiffs filed a Notice of Appeal with respect to the June 20th Order, JA at 252–56, and subsequently filed their Rule 60(b) Motion, JA at 258-62. Defendants opposed the motion as procedurally improper and substantively unwarranted. JA at 279–87. On September 9, 2014, the District

---

[5] Plaintiffs assert the following claims: (1) violations of multiple states' consumer protection and deceptive practices acts (Counts I & IX); (2) violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code §17200 et seq. ("UCL") (Counts II & X); (3) violations of the Consumers Legal Remedies Act, Cal. Civil Code § 1750 et seq. ("CLRA") (Counts III & XI); (4) violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, Ill. Comp. Stat. 502/1, et seq. ("ICFA") (Count IV); (5) violations of the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. §§ 501.201 et seq. ("FDUTPA") (Count V); (6) violations of New York Gen. Bus. Law ("NYGBL") § 349 (Count VI); (7) violations of NYGBL § 350 (Count VII); and (8) breach of express warranty, Ohio Rev. Code Ann. § 1302.26 (Count VIII); (9) violation of the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1 et seq. ("NJCFA") (Count XII); and (10) violation of Pennsylvania's Unfair Trade Practices and Consumer Protection Law, 73 Pa. Stat. Ann. §§ 201-1, et seq. ("PUTPCPL") (Count XIII). CAC ¶¶ 76-198, JA at 48-70.

Court denied Plaintiffs' Rule 60(b) Motion.  JA 300–05.  Plaintiffs did not file a Notice of Appeal with respect to the September 9th Order.

## SUMMARY OF THE ARGUMENT

The District Court properly found that the CAC did not satisfy the plausibility standard established by *Iqbal* and *Twombly*.  Contrary to Plaintiffs' arguments, the District Court did not ignore Plaintiffs' allegations with respect to arthritic consumers and the clinical study cited on the TriFlex Fast-Acting product.  Rather, the District Court properly focused on Plaintiffs' claims with respect to non-arthritic consumers because consumers suffering from osteoarthritis could not possibly have been misled by Defendants' products' representations when the products expressly disclaim any intent "to diagnose, treat, cure, or prevent any disease."  Similarly, the District Court reviewed Plaintiffs' allegation that they could not locate the study cited on TriFlex Fast-Acting product, but appropriately concluded that that allegation was not tantamount to an averment that the claims stated on Plaintiffs' Products were false and misleading or that the study was non-existent.

Because the studies cited by Plaintiffs in the CAC evaluated the effectiveness of glucosamine and chondroitin, not Defendants' Products, in treating osteoarthritis, and not general joint discomfort, the District Court found these allegations insufficient to plead a plausible claim.  Turning to Plaintiffs' allegation

5

that "'experts in the field' consider the studies to be a valid proxy for measuring the effectiveness of glucosamine and chondroitin in non-arthritic users," JA at 247–48, the District Court rightly concluded that merely forecasting that there would be opinion evidence that certain ingredients in Defendants' Products were not effective did not plausibly allege that the Defendants' actual representations were false and misleading to non-arthritic consumers. Moreover, under *Iqbal* and *Twombly*, such conclusory allegations regarding unnamed experts in an unspecified field – without any information about the factual basis for such opinions – does not nudge Plaintiffs' claims over the threshold from possible to plausible. Accordingly, the District Court properly found that Plaintiffs' forecasted "battle of the experts" did not adequately plead falsity and thus did not plausibly plead violations of the consumer protection statutes in question.

In addition to the reasoning in the June 20th Order, this Court may also affirm the dismissal of Plaintiffs' claims on alternate grounds. First, the studies cited by Plaintiffs – which focused almost exclusively on glucosamine and chondroitin and their effectiveness in treating patients with osteoarthritis – do not plausibly allege that the unique combination of ingredients in Defendants' Products do not provide the represented joint health benefits to non-arthritic consumers. Second, Plaintiffs fail to satisfy the heightened pleading requirement of Rule 9(b) with respect to their claims under certain state consumer protection

6

statutes. Third, Plaintiffs' nondisclosure claim fails because Plaintiffs have not alleged that Defendants possessed any special knowledge that the products did not provide the represented benefits, let alone that they concealed such knowledge from consumers. Finally, Plaintiffs lack standing to assert claims with respect to products they did not purchase.

Plaintiffs also seek review of the District Court's September 9th Order denying Plaintiffs' Rule 60(b) Motion. This Court, however, lacks jurisdiction to review this order because Plaintiffs failed to file a Notice of Appeal with respect to it. Even if the Court considers the order, Plaintiffs have not shown that the District Court abused its discretion in denying Plaintiffs' Motion. Procedurally, Plaintiffs' Rule 60(b) Motion was an impermissible request for the District Court to "change its mind," and, as the District Court found, it could have denied the motion on this basis alone. *See United States v. Williams*, 674 F.2d 310, 312 (4th Cir. 1982). Substantively, Plaintiffs have not shown that the court's ruling below was in error, let alone that it was an abuse of discretion.

## **STANDARD OF REVIEW**

The standard of review for dismissal pursuant to Rule 12(b)(6) is *de novo*. *Robinson v. American Honda Motor Co.*, 551 F.3d 218, 222 (4th Cir. 2009). Dismissal pursuant to Federal Rule 12(b)(6) is proper if the complaint fails to state a viable claim upon which relief can be granted. "To survive a motion to dismiss,

a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal citations omitted). "[A]lthough a court must accept as true all factual allegations contained in a complaint, such deference is not accorded to legal conclusions stated therein." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012). To state a plausible claim for relief, "the complaint must advance the plaintiff's claim 'across the line from conceivable to plausible.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

While the instant District Court decision was correct and well-reasoned, the Court is "'entitled to affirm the court's judgment on alternate grounds, if such grounds are apparent from the record.'" *Ellis v. Louisiana-Pacific Corp.*, 699 F.3d 778, 786 (4th Cir. 2012) (quoting *MM ex rel. DM v. School Dist. of Greenville Cnty.*, 303 F.3d 523, 536 (4th Cir. 2002)).

This Court "review[s] the district court's denial of a motion to amend a complaint under the deferential abuse of discretion standard." *Equal Rights Ctr. v. Niles Bolton Assocs.*, 602 F.3d 597, 603 (4th Cir. 2010) (citing *Glaser v. Enzo Biochem, Inc.*, 464 F.3d 474, 476 (4th Cir. 2006)).

Contrary to Plaintiffs' assertion, the Court's standard of review for the denial of a motion for reconsideration is also abuse of discretion. *Hooker v. United States*, 200 F. App'x 237 (4th Cir. 2006); *Williams*, 674 F.2d at 312. "At its immovable core, the abuse of discretion standard requires a reviewing court to

8

show enough deference to a primary decisionmaker's judgment that the court does not reverse merely because it would have come to a different result in the first instance." *Evans v. Eaton Corp. Long Term Disability Plan*, 514 F.3d 315, 322 (4th Cir. 2008).

## ARGUMENT

I.  **THE DISTRICT COURT PROPERLY DISMISSED PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM.**

In their Opening Brief, Plaintiffs assert that the District Court erroneously dismissed the CAC by: (1) purportedly ignoring both allegations with respect to consumers suffering from osteoarthritis and the study cited on the TriFlex Fast-Acting product; and (2) misapplying the plausibility standards in *Twombly* and *Iqbal* to find that "the mere existence of a 'battle of the experts'" does not state a plausible claim on its face. Pls.' Opening Br. at 16–27. Plaintiffs' arguments mischaracterize the decision below, are incorrect on these facts, and accordingly should be rejected.

### A. The District Court Specifically Found No Plausible Allegation of Falsity or Deception with Respect to Consumers Suffering from Osteoarthritis after Considering all of Plaintiffs' Allegations Including those Regarding the Study on the TriFlex Fast-Acting Product.

Contrary to Plaintiffs' arguments, the District Court specifically considered Plaintiffs' allegations with respect to consumers suffering from the disease of osteoarthritis and to the study on the Tri-Flex Fast-Acting product but still found

the CAC contained a "fatal flaw." JA at 247. In its June 20, 2014 Order, the District Court specifically noted that "the TriFlex labels expressly disclaim any ability to 'diagnose, treat, cure, or prevent any disease.'" JA at 243; *see also* JA at 188–204. The labels thus make no claim of remedial properties as to osteoarthritis and hence consumers suffering from osteoarthritis disease could not possibly have been misled or deceived into thinking that Defendants' Products would alleviate their symptoms from osteoarthritis disease. *See Eckler v. Wal-Mart Stores, Inc.*, No. 12-CV-727-LAB-MDD, 2012 U.S. Dist. LEXIS 157132, at *26–27 n.9 (S.D. Cal. Nov. 1, 2012) (stating that "[i]t's hard to see how the statement 'This product is not intended to diagnose, treat, cure, or prevent any disease' is not a qualification or limitation" on a product's packaging as to whom may gain the promised joint health benefits). Accordingly, the District Court appropriately addressed only the claims of non-arthritic consumers in dismissing the CAC. *See* JA at 247-48.

Plaintiffs also claim that the District Court ignored allegations in the CAC regarding a study cited on the TriFlex Fast-Acting label. Pls.' Opening Br. at 23. The CAC stated, in relevant part:

> The TriFlex Fast-Acting bottle references one study purportedly supporting GNC's "Clinical Strength" representation. Tellingly, no information is included to enable consumers to locate and review the study to verify that claim.

CAC ¶ 32, JA at 33. Thus, Plaintiffs merely allege that they could not *find* the study. While Plaintiffs now attempt to recast their allegations as "criticizing the

10

*bona fides*" of the study, Pls.' Opening Br. at 23, nowhere in the CAC do the Plaintiffs allege that the study does not exist. Moreover, contrary to Plaintiffs' assertion, Defendants did not have any affirmative duty to supply information regarding this study in connection with their motion pursuant to Rule 12(b)(6), particularly in the absence of any allegations that the study does not exist.

Far from ignoring the CAC's allegations with respect to this study, the District Court specifically addressed the study, finding

> there is no allegation that the clinical trial relied upon by defendants: (1) does not exist at all, (2) exists but does not support any of GNC's representations about TriFlex, or (3) exists and supports the assertions on TriFlex Fast-Acting's bottle, but was not conducted in an appropriately scientific manner.

JA at 248. Plaintiffs claim they are in a Catch-22 with respect to pleading about the study, but Plaintiffs are in no different position than any other plaintiff who does not have the benefit of pre-complaint discovery but still must plead within the limits of Rule 11. Absent an allegation that the study does not exist,[6] or that it is misleading or known to be false by Defendants, Plaintiffs have not stated a claim with respect to the representations on the TriFlex Fast-Acting label.

---

[6] While Plaintiffs did not allege in their CAC that the study does not exist, they now claim in their Opening Brief that there is no evidence that the study exists. This Court may not consider new allegations that were not presented to the District Court. *See Rosenbaum v. Siha*, No. 99-6697, 1999 U.S. App. LEXIS 32877, at *3 n.* (4th Cir. Dec. 20, 1999), (refusing to consider additional information not presented to the district court).

11

**B.    The District Court Properly Found That the CAC Was Also Fatally Flawed with Respect to the Non-Arthritic Consumers Under the "Plausibility" Standard Established by *Iqbal* and *Twombly*.**

In their Opening Brief, Plaintiffs argued that the District Court erred as a matter of law in allegedly finding that "the mere existence of a 'battle of the experts' on the issue of glucosamine and chondroitin's effect on non-arthritic consumers is not sufficient to establish that defendants' advertisements violate the state consumer protection statutes in this case." *See* Pls.' Opening Br. at 20. Plaintiffs argue that the District Court should have credited, for the purposes of Defendants' Rule 12(b)(6) Motion, Plaintiffs' allegations in footnote 5 and found them sufficient to state a plausible claim of consumer fraud. That footnote reads:

> While most of the clinical studies finding a lack of efficacy (using the same ingredients and amounts as are in the TriFlex Products) were performed on arthritic patients and in turn most concerned knee arthritis, experts in the field deem these clinical studies to be appropriate proxies for whether the ingredients are effective for other joints in the body and for both arthritic and non-arthritic users of these ingredients.

CAC ¶ 7 n.5; JA at 23.

While Defendants agree that a true "battle of the experts" is reserved for the finder of fact, Plaintiffs must plead a claim upon which relief may be granted before Plaintiffs' experts may be deployed. Generously assuming that expert opinion based upon studies examining glucosamine and chondroitin – only two of

12

the many ingredients in Defendants' products – in the context of treating the symptoms of osteoarthritis, a disease the products expressly disclaim treating, would be admissible under *Daubert* principles, such opinions would not cure the defect in pleading arising from Plaintiffs' unwillingness or inability to plead falsity with respect to the non-arthritic consumers. This failure is heightened and explained by the fact that courts have expressly found that the same osteoarthritis studies "do not lend plausibility to" claims that products similar to Defendants' do not promote joint health. *See Murray v. The Elations Co.*, No. 13-cv-02357-BAS(WVG), 2014 U.S. Dist. LEXIS 107721, at *20 (S.D. Cal. Aug. 4, 2014); *Eckler*, No. 12-CV-727-LAB-MDD, 2012 U.S. Dist. LEXIS 157132, at *27 ("The studies allegedly show that glucosamine doesn't alleviate the symptoms of osteoarthritis in the hip and the knee. That is a very particular showing with respect to a degenerative joint disease, and in the Court's judgment it doesn't address the far more general claims—which *is* made by the Equate representations—that glucosamine is good for the body's joints.").

Given that the studies cited by Plaintiffs do not in any way relate to Defendants' representations that their products promote joint health in consumers not suffering from osteoarthritis, the District Court correctly found that Plaintiffs' claims hinge on their ***single*** allegation in a footnote that unnamed "experts in the field" deem the studies on arthritic patients to be "appropriate proxies" for whether

glucosamine and chondroitin are effective in non-arthritic users. JA at 23. In the end, Plaintiffs should not be permitted to dance around the issue of falsity simply by referring to the opinions of unnamed experts studying different products and demographics. *See, e.g.*, *In re Omnivision Techs., Inc. Secs. Litig.*, 937 F. Supp. 2d 1090, 1108 (N.D. Cal. 2013) (finding a complaint's reliance on an expert's opinion, without disclosing the factual basis for that opinion, could not support an inference of falsity); *In re Textainer P'ship Secs. Litig.*, No. C-05-0969, 2006 U.S. Dist. LEXIS 84395, at *16–17 (N.D. Cal. Aug. 10, 2006) (finding the complaint remained deficiently pled because plaintiff did not sufficiently allege the basis for its consultant's opinions). As the District Court acknowledged, it would not be surprising that Plaintiffs *could* locate such experts, but this single, conclusory allegation creates only the "mere possibility of misconduct," as opposed to "nudg[ing] [Plaintiffs'] claims…across the line from conceivable to probable." *Iqbal*, 556 U.S. at 679–80. Indeed, a "plaintiff cannot plead an element of plaintiff's claim in terms of plaintiff's hope to prevail in a battle of technical experts…rather, the plaintiff must plead actual facts." *In re Intelligroup Sec. Litig.*, 527 F. Supp. 2d at 294 (citing *In re Burlington Coat Factory Secs. Litig.*, 114 F.3d 1410, 1429 (3d Cir. 1997)).

Plaintiffs hypothesize that the District Court's ruling "would permit a manufacturer of the most dubious product to engage an 'expert' and then contend it

14

was immune from a consumer fraud action simply because the plaintiff's claims could be reduced to a 'battle of the experts.'" Pls.' Opening Br. at 18. This is patently incorrect.[7] The posited highly "dubious" product would presumably be associated with facts permitting a plaintiff to openly aver falsity. Plaintiffs' unwillingness/inability to plead such facts – as opposed to vague appeals to experts – is in poker terms "a tell." It is not surprising that Plaintiffs are so reticent when it is recognized that at least one court has noted that the scientific data on glucosamine and chondroitin demonstrate that it "works for some, but may not work as well for others." *Moheb v. Nutramax Laboratories Inc.*, No. 12–3633, 2012 WL 6951904, at *4 (C.D. Cal. Sept. 4, 2012) (denying class certification).

---

[7] Plaintiffs' argument with respect to a defendant peddling a cure for cancer is an utterly inapt *argumentum ad horrendum*. *See* Pls.' Opening Br. at 19. In making this strained comparison, Plaintiffs completely ignore the fact that drugs are subject to an entirely different regulatory scheme than dietary supplements. Supplements are required to contain the disclaimer that the product "is not intended to diagnose, treat, cure, or prevent any disease." 21 U.S.C. § 343(r)(6). Drug companies, however, must complete a rigorous review process that involves the submission of extensive testing before receiving FDA approval. Therefore, it is implausible that a cure for cancer would reach the market based on nothing more than an expert's "'learned' opinion that the product is effective as advertised." *See* Pls.' Opening Br. at 19.

15

Plaintiffs' own cited studies[8] recognize the benefits that glucosamine and chondroitin can have on overall joint health and pain management for those without osteoarthritis.

Faced with Plaintiffs' tell, the District Court permitted Plaintiffs to replead within the limits of Rule 11. Significantly, Plaintiffs stood on their dismissed CAC.

### C.    These Well-Established Pleading Requirements Should Not Be Relaxed in a Speech Case.

As properly framed, the question before the Court was whether the CAC stated a *prima facie* case of actionably false and misleading speech. It did not for the reasons already stated. Nor should requirements of the authorities supporting this conclusion be relaxed inasmuch as Defendants' speech enjoys First Amendment protection unless false, having at least the status of commercial speech. *Sorrell v. IMS Health Inc.*, 131 S. Ct. 2653 (2011); *Consol. Edison Co. of*

---

[8] *See* JA at 162 n.4 ("Clegg, et al., *Glucosamine, Chondroitin Sulfate, and the Two in Combination for Painful Knee Osteoarthritis*, 354:8 New Eng. J. Med. 795 (Feb. 23, 2006) (CAC, ¶ 41) (concluding that "the combination of glucosamine and chondroitin sulfate may be effective in the subgroup of patients with moderate-to-severe knee pain" and that the two together "significantly decreased knee pain" for some patients); Sawitzke, et al., *The Effect of Glucosamine and/or Chondroitin Sulfate on the Progression of Knee Osteoarthritis: A GAIT Report*, 58(10) J. Arthritis Rheum. 3183-91 (October 2008) (CAC, ¶ 42) (noting that certain knee conditions trended toward improvement with treatment); Sawitzke, et al., *Clinical efficacy and safety over two years of glucosamine, chondroitin sulfate, their combination, celecoxib or placebo taken to treat osteoarthritis: a GAIT report*, 69(8) Ann. Rhem. Dis. 1459-1464 (August 2010) (CAC ¶ 42) (noting that treatment with "glucosamine . . . showed beneficial trends")").

*N.Y. v. Public Serv. Comm'n of N.Y.*, 447 U.S. 553 (1980).  This makes it highly appropriate that Plaintiffs should have to plead a *prima facie* case.  *Thompson v. W. States Med'l Ctr.*, 535 U.S. 357, 373 (2002) ("It is well established that the party seeking to uphold a restriction on commercial speech carries the burden of justifying it." (internal quotation marks omitted)).

## II.    ALTERNATE GROUNDS ALSO SUPPORT THE DISTRICT COURT'S DISMISSAL OF THE CONSOLIDATED AMENDED COMPLAINT.

As demonstrated above, the District Court was correct in dismissing Plaintiffs' claims on the grounds stated by it.  However, dismissal of the CAC is also supported by multiple alternate grounds presented to the District Court which should not be passed over in silence given the fact that this Court can affirm on any ground supported by the record.  *See Ellis*, 699 F.3d at 786 (affirming dismissal of consumer protection claim on alternate grounds).

### A.    Plaintiffs' Claims Fail for Want of a Plausible Averment that Defendants' Representations Are Actually False.

Although the District Court rightly found that Plaintiffs failed to plead falsity/misrepresentation under general principles of law, it should be noted that pleading actual falsity is an essential element under some statutes.  To state a valid claim under the consumer protection statutes of California, Florida, Illinois, New

Jersey, Pennsylvania, and "states with similar laws"[9], Plaintiffs must plead that the products' representations are actually false.[10]  Aside from the obvious fact that Plaintiffs' studies were conducted on patients with osteoarthritis, which Defendants' Products do not claim to treat, the studies cited by Plaintiffs do not tend to show Defendants' representations were false because they: (1) did not examine the products themselves, or products with similar formulations; and (2) did not test the represented health benefits.  Moreover, Plaintiffs have not alleged that they personally did not enjoy any of the represented benefits regarding joint health and comfort.

### 1.    The Studies Cited by Plaintiffs Did Not Involve Defendants' Products or Identical Ingredients.

None of the studies cited by Plaintiffs in their CAC involved Defendants' Products, or even products with the same formulations.  Instead, the studies cited in the CAC focused almost exclusively on glucosamine and chondroitin, either alone or in combination with each other.  *See, e.g., Murray*, 2014 U.S. Dist. LEXIS

---

[9] Counts I and IX of the CAC asserts claim under consumer protection acts of certain states and "states with similar laws." CAC ¶¶ 77, 150, JA at 48, 61.

[10] *See, e.g., Murray*, No. 13-cv-02357-BAS(WVG), 2014 U.S. Dist. LEXIS 107721, at *14; *Virgilio v. Ryland Grp., Inc.*, 680 F.3d 1329, 1338 n.25 (11th Cir. 2012); *Hoffman v. Nutraceutical Corp.*, No. 12-5803, 2013 WL 2650611, at *2 (D.N.J. June 10, 2013); *Padilla v. Costco Wholesale Corp.*, No. 11-7686, 2012 WL 2397012, at *4 (N.D. Ill. June 21, 2012); *Seldon v. Home Loan Servs., Inc.*, 647 F. Supp. 2d 451, 466 (E.D. Pa. 2009); *Horowitz v. Stryker Corp.*, 613 F. Supp. 2d 271, 287 (E.D.N.Y. 2009); *St. Clair v. Kroger Co.*, 581 F. Supp. 2d 896, 902 (N.D. Ohio 2008).

107721, at *14 ("None of the studies cited in the Complaint test Elations or the same combination of ingredients found in Elations, and therefore do not bear on the truthfulness of the representations as to Elations."); *Toback v. GNC Holdings, Inc.*, No. 13-80526-CIV, 2013 WL 5206103, at *5 (S.D. Fla. Sept. 13, 2013) ("Plaintiff's allegations regarding the inefficacy of glucosamine and chondroitin simply fail to address the efficacy of the TriFlex Vitapak's multifarious composition in promoting joint health, and thus fail to raise Plaintiff's claim, that the Vitapak as a whole does not function as advertised, above the speculative level."). Moreover, to the extent Plaintiffs have cited studies on other ingredients, these studies still do not support Plaintiffs' allegations that the Defendants' Products as whole are ineffective because they overlook the synergistic effect of the combination of ingredients. *See, e.g., Hodges v. Vitamin Shoppe, Inc.*, No. 13-3381 (SRC), 2014 U.S. Dist. LEXIS 5109, at *15–16 n.2 (D.N.J. Jan. 15, 2014) (noting that the complaint lacks "factual allegations as to the effectiveness of the combined ingredients, that is, the ability of the active ingredients to have a synergistic effect" and therefore finding that the complaint lacked support for plaintiffs' claims that "the Product as a whole cannot deliver the promised benefits"); *Rosen v. Unilever U.S., Inc.*, No. C 09-02563 JW, 2010 U.S. Dist. LEXIS 43797, at *15–16 (N.D. Cal. May 3, 2010) (finding that the reasoning that "the whole is nothing more than the sum of its parts ... is fallacious because things

joined together may have different properties as a whole than they do separately"). Accordingly, Plaintiffs cannot raise their claims with respect to Defendants' Products – each with their own formulations and representations – above the speculative level where their only support comes from studies which did not review these products' formulations. *See, e.g., Murray,* 2014 U.S. Dist. LEXIS 107721, at *14; *Toback,* No. 13-80526-CIV, 2013 WL 5206103, at *5.

Furthermore, Plaintiffs' reliance on osteoarthritis studies does not refute the proposition that Defendants' Products can provide the advertised health benefits to consumers who do not suffer from that chronic condition. As previously set forth, at least one court has found that another glucosamine and chondroitin product "works for some, but may not work as well for others," and Plaintiffs' own studies recognize beneficial impacts that glucosamine and chondroitin can have on overall joint health and pain management. *See Moheb,* 2012 WL 6951904, at *4; *see also supra* footnote 8.

> 2.   The Studies Did Not Test the Effectiveness of the Products with Respect to the Represented Health Benefits.

In addition to failing to cite any study that examines the actual products at issue, Plaintiffs failed to cite any study examining the Defendants' Products' (or their ingredients') effectiveness with respect to the actual benefits listed on the Products' labels. Among the benefits listed on the products' labels are supporting or promoting "joint health" and "joint comfort," "protect[ing] joints from the wear

20

and tear of exercise," and "promot[ing] joint flexibility and mobility." JA at 188–205. None of the studies cited by Plaintiffs examine whether there is any improvement in joint health, comfort, or flexibility. Instead, the studies examined the effectiveness of certain ingredients in treating the symptoms of *osteoarthritis*, a disease the products do not claim to treat. JA at 36–38; *see also* JA at 188–205 (stating "[t]his product is not intended to diagnose, treat, cure, or prevent any disease"). Courts have disregarded studies where, as here, "there is a mismatch between the representations at issue and the evidence that allegedly debunks them." *Eckler*, 2012 U.S. Dist. LEXIS 157132, at *27–28 (finding that a showing that glucosamine does not alleviate the symptoms of osteoarthritis "doesn't address the far more general claim – which *is* made by the Equate representations – that glucosamine is good for the body's joints"); *McCrary v. Elations Co., LLC*, No. 13-0242, 2013 WL 6403073, at *9 (C.D. Cal. July 12, 2013) (dismissing the plaintiff's claims with prejudice because the studies relied upon by the plaintiff focused on the effectiveness of glucosamine and/or chondroitin in treating osteoarthritis, not the representations at issue on the products' labels or in the advertising).

Without relevant studies examining the specific products and representations at issue in this case, Plaintiffs have no plausible basis for asserting that the Defendants' Products do not provide the represented benefits, which explains why

Plaintiffs' counsel refused to make that necessary allegation when invited to replead by the District Court under the strictures of Rule 11. Indeed, the Plaintiffs here—who claim to be representative of and pursuing claims typical to the rest of the class—purchased minimal amounts of the products, in some cases only a single bottle, and they have not pled as fact that they actually took the products and complied with all relevant directions. They also failed to plead facts demonstrating that they *personally* did not enjoy any of the represented health benefits. *See Eckler*, No. 12-CV-727-LAB-MDD, 2012 U.S. Dist. LEXIS 41924, at *8 n.2 ("The health and comfort of joints is probably influenced by a number of variables. . . . What's more likely is that she took Equate casually and just didn't feel much better, but that makes her own claims just as speculative as she alleges Equate's benefits are."). Absent averments of such facts, Plaintiffs' bare assertions that they did not receive the advertised benefits are reduced to "legal conclusion[s] couched as . . . factual allegation[s]," which are insufficient to establish that the representations on the Products are false. *Twombly*, 550 U.S. at 555; *see also Toback*, 2013 WL 5206103, at *6 ("Plaintiff's allegation that the Vitapak did not repair his cartilage, or in other words that it did not function as advertised, is devoid of any further detail or support."). For these additional reasons, the Court should affirm the dismissal of Plaintiffs' claims.

### B. Plaintiffs' Claims Also Fail under the Heightened Pleading Standard of Rule 9(b).

Plaintiffs' claims under the UCL, CLRA, ICFA, FDUTPA, NJCFA, and PUTPCPL fail under the heightened pleading standard of Rule 9(b). *See Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Co.*, 631 F.3d 436, 446 (7th Cir. 2011) (explaining that Rule 9(b) applies to ICFA claims based on fraudulent activity); *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124-25 (9th Cir. 2009) (applying Rule 9(b) to CLRA and UCL claims); *Donnelly v. Option One Mortg. Corp.*, No. 11-7019, 2014 U.S. Dist. LEXIS 41924, at *16 (D.N.J. Mar. 26, 2014) ("Claims brought under the NJCFA 'are subject to the particularity requirements of Federal Rule of Civil Procedure 9(b).'") (quoting *Parker v. Howmedica Osteonics Corp.*, No. 07-2400, 2008 WL 141628, at *2 (D.N.J. Jan 14, 2008)); *Branche v. Wells Fargo Mortgage Co.*, No. 1:11-cv-468, 2012 WL 3560825, at *1 (M.D. Pa. Aug. 16, 2012) (applying Rule 9(b) in considering whether the plaintiffs stated a claim under the PUTPCPL); *Begualg Inv. Mgmt. Inc. v. Four Seasons Hotel Ltd.*, No. 10-22153-CIV, 2011 WL 4434891, at *4 (S.D. Fla. Sept. 23, 2011) (applying Rule 9(b) in considering whether the plaintiffs stated a claim for statutory misleading advertising under FDUTPA). Rule 9(b) requires Plaintiffs to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). This standard requires the "who, what, when,

where and how" of the alleged fraudulent conduct. *See U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 379 (4th Cir. 2008).

Because the cited studies do not support the conclusion that the statements on the Defendants' Products' labels are false, Plaintiffs have failed to sufficiently allege "how" the representations were fraudulent. *See Padilla v. Costco Wholesale Corp.*, No. 11-7686, 2012 WL 2397012, at *4 (N.D. Ill. June 21, 2012) (finding that the plaintiff failed to state a claim under the ICFA where he did not point to any studies that demonstrated the falsity of the products' representations). In addition, some of the plaintiffs fail to plead the "what" of the alleged fraudulent conduct as they did not even identify the products they purchased. CAC ¶¶ 20-21; JA at 27–28. Such deficiencies prevent identification of specific representations relied upon by each plaintiff. *See In re Shop-Vac Mktg. & Sales Practices Litig.*, 964 F. Supp. 2d 355, 363 (M.D. Pa. 2013) (explaining that "[a]t a minimum, Plaintiffs must allege which vacuums they purchased, when they purchased them, and the content of the representations on the vacuum packaging."). For this additional reason, the Court should affirm the dismissal of Counts II, III, IV, V, X, XI, XII, and XIII.

## C.    Plaintiffs Failed to Sufficiently Plead a Non-Disclosure Claim.

To the extent Plaintiffs attempted to state a claim in the CAC for nondisclosure, such a claim fails as a matter of fact and law. First, Plaintiffs claim

Defendants possessed "special knowledge" regarding their products and knew that their products did not "provide the joint health benefits represented." CAC ¶ 51, JA at 40. As previously discussed, however, Plaintiffs' only support for this claim are studies that did not involve Defendants' Products and evaluated the effectiveness of certain ingredients in treating osteoarthritis, a disease Defendants' Products disclaim treating. *See supra* Section II.A. Thus, none of these studies support Plaintiffs' claim that Defendants knew but failed to disclose that their products did not promote the represented joint health benefits. Indeed, with specific reference to Defendants' Products, they do not even support the conclusion that they are not effective as advertised.

Second, an affirmative duty to disclose only arises in certain limited circumstances, none of which are present here. *See Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1142 (9th Cir. 2012) (noting a duty to disclose arises: "(1) when the defendant is in a fiduciary relationship with the plaintiff; (2) when the defendant had exclusive knowledge of material facts not known to the plaintiff; (3) when the defendant actively conceals a material fact from the plaintiff; and (4) when the defendant makes partial representations but also suppresses some material fact."); *see also State Coll. Area Sch. Dist. v. Royal Bank of Can.*, 825 F. Supp. 2d 573, 589 (M.D. Pa. 2011) ("[A]n omission is actionable only where there is an independent duty to disclose the omitted information."); *Rivietz v.*

25

*Wolohojian*, 832 N.Y.S.2d 505, 506 (N.Y. App. Div. 2007) ("A claim predicated on non-disclosure requires a showing that a party is duty-bound to disclose pertinent information."). Plaintiffs can point to no evidence that Defendants had exclusive knowledge of any material facts, let alone evidence that Defendants actively concealed this knowledge from consumers. The fact that the CAC is littered with numerous references to the *public* studies cited by Plaintiffs refutes their own argument. Moreover, these public studies are not material in any respect because they address only the effectiveness of certain ingredients in the treatment of osteoarthritis, not the representations actually at issue here. Thus, the Court should affirm the dismissal of Plaintiffs' nondisclosure claim.

### D. Plaintiffs Lack Standing to Assert Claims With Respect to Products They Did Not Purchase.

It is well-settled that a plaintiff may sue only for a "concrete and particularized" injury personally suffered. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). In the context of a class action, named plaintiffs are not relieved of the requirement that they must have suffered personal injury. *Warth v. Seldin*, 422 U.S. 490, 502 (1975); *Koronthaly v. L'Oréal USA, Inc.*, No. 07-5588, 2008 WL 2938045, at *4 (D.N.J. July 29, 2008). Courts have routinely dismissed claims based on products that the named plaintiff did not personally purchase or use. *See, e.g., Bruton v. Gerber Prods. Co.*, No. 12-cv-02412-LHK, 2014 WL 172111, at *7–9 (N.D. Cal. Jan. 15, 2014); *Wilson v. Frito-Lay N. Am., Inc.*, 961 F.

Supp. 2d 1134, 1140-42 (N.D. Cal. 2013); *Pearson v. Target Corp.*, No. 11-7972, 2012 WL 7761986, at *1 (N.D. Ill. Nov. 9, 2012); *Lieberson v. Johnson & Johnson Consumer Cos.*, 865 F. Supp. 2d 529, 537 (D.N.J. 2011); *Hoffman v. UBS-AG*, 591 F. Supp. 2d 522, 532 (S.D.N.Y. 2008); *In re Eaton Vance Corp. Sec. Litig.*, 219 F.R.D. 38, 41 (D. Mass. 2003). More specifically, several courts have already addressed this question in the context of similar products and have limited claims to only those glucosamine and chondroitin products actually purchased by the plaintiffs. *See Toback*, 2013 WL 5206103, at *4–5; *Pearson*, 2012 WL 7761986, at *1; *Padilla*, 2012 WL 2397012, at *3. Thus, at a minimum, this Court should affirm the dismissal of claims with respect to products the Plaintiffs did not purchase on standing grounds as well.

## III.   THE DISTRICT COURT DID NOT ABUSE ITS DISCRETION IN DISMISSING THE CONSOLIDATED AMENDED COMPLAINT WITH LEAVE TO AMEND ONLY IF PLAINTIFFS COULD DO SO IN ACCORDANCE WITH RULE 11.

As an initial matter, the District Court held that it would "grant plaintiffs leave to file an amended CAC if they can do so in accordance with Fed. R. Civ. P. 11." JA at 249. Instead of filing another amended complaint, however, Plaintiffs elected to file a notice of appeal followed later by their Rule 60(b) Motion. JA at 7–8. Accordingly, Plaintiffs cannot now complain that they were denied leave to amend. Moreover, the fact that the court instructed Plaintiffs that it would only grant leave to amend if Plaintiff could do so in accordance with Rule 11 is wholly

unremarkable. "Every pleading, written motion, and other paper" must be signed in accordance with Rule 11. Fed. R. Civ. P. 11.

With respect to the Court's instruction that the Plaintiffs should not file an amended CAC if experts could not testify that "any reasonable expert would conclude from the cited studies that glucosamine and chondroitin do not improve joint health in non-arthritic consumers," JA at 249, a district court has discretion to deny leave to amend "so long as it does not outright refuse 'to grant the leave without any justifying reason.'" *Equal Rights Center*, 602 F.3d at 603 (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Here, the District Court's instruction not to file an amended CAC was based on the Court's finding that "the mere existence of a 'battle of the experts' on the issue of glucosamine and chondroitin's effect on non-arthritic consumers is not sufficient to establish that defendants' advertisements violate the state consumer protection statutes in this case." JA at 248. Given the way the CAC had been framed, absent a straightforward allegation of falsity/misrepresentation, amendment would have been futile. A district court may deny a motion to amend when "amendment would be futile." *Equal Rights Center*, 602 F.3d at 602–03 (citing *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (en banc)). And, of course, leave to amend was not even denied by the District Court.

IV.   **THIS COURT LACKS JURISDICTION TO REVIEW THE DISTRICT COURT'S SEPTEMBER 9, 2014 ORDER, AND EVEN IF IT FINDS IT HAS JURISDICTION, THE DISTRICT COURT DID NOT ABUSE ITS DISCRETION IN DENYING PLAINTIFFS' RULE 60(b) MOTION.**

A.   **The Court Lacks Jurisdiction to Review the District Court's September 9, 2014 Order.**

Plaintiff's July 16, 2014 Notice of Appeal only appealed the order entered by the District Court on June 20, 2014. JA at 252. Plaintiffs did not file a separate Notice of Appeal with respect to the September 9th Order. Consequently, any appeal of the September 9th Order has been waived.

This Court has held that "[w]here the notice of appeal designates specific rulings being appealed, this court has no jurisdiction to review other judgments or issues not expressly referenced or even impliedly intended for appeal." *Jones*, 355 F. App'x at 728. Because Plaintiffs failed to appeal the September 9th Order, they waived their right to appeal the order, and this Court does not have the authority to review it. *See, e.g., id.* (finding the court lacked jurisdiction to review an April 28, 2005 order when the notice of appeal only referenced the district court's April 2, 2008 order); *United States v. Banks*, No. 97-7878, 1998 U.S. App. LEXIS 29936, at *3 n.4 (4th Cir. Nov. 23, 1998) (finding the court lacked jurisdiction to review an order denying a motion for reconsideration when the notice of appeal failed to designate that order); *Connors v. Muncy*, Nos. 93-1493, 93-1694, 93-1790, 1994 U.S. App. LEXIS 29098, at *7 (4th Cir. Oct. 18, 1994) (finding that the Court's

jurisdiction was limited to issues addressed by the order designated in the appeal);

*United States v. Hunt*, No. 92-5110, 1993 U.S. App. LEXIS 12924, at *3 (4th Cir.

June 1, 1993) ("This Court's jurisdiction cannot be modified to include a judgment

not included 'by any reasonable interpretation.'" (citing *Gunther v. E.I. DuPont De*

*Nemours & Co.*, 255 F.2d 710, 717 (4th Cir. 1958))).

**B.**     **Even if this Court has Jurisdiction To Review the September 9th Order, the District Court Did Not Abuse Its Discretion in Denying Plaintiffs' Rule 60(b) Motion.**

As a threshold matter, Defendants argued that Plaintiffs' motion asking the

District Court to correct its alleged "legal error" was improper under Rule 60(b).

JA at 263-70. In *Williams*, this Court held that Rule 60(b) may not be used to

correct a legal error:

> To the extent that the post-judgment motion sought to have the district court reconsider its ruling with respect to the bias issue, it was clearly improper, because Rule 60(b) does not authorize a motion merely for reconsideration of a legal issue. Of course, the government points out that Rule 60(b) provides that a motion may be made because a "mistake" has been committed, and argues that the portion of the post-judgment motion dealing with the bias issue was proper under Rule 60(b) because it alleged that the court had made a mistake in resolving that issue. In certain limited circumstances, the word "mistake" in Rule 60(b) has indeed been read to include mistakes by the court... Where the motion is nothing more than a request that the district court change its mind, however, it is not authorized by Rule 60(b).

674 F.2d at 313 (internal citations omitted).   In arguing that the District Court applied the wrong legal standard, Plaintiffs' Rule 60(b) Motion was nothing more than a blatant request that the District Court "change its mind."   In its September 9th Order, the court noted that "denying plaintiffs' motion on this ground alone is likely in my discretion . . . ." JA at 302. Plaintiffs have not shown how the denial of their motion on this basis was incorrect, even in the abstract, let alone an abuse of discretion.  *See CNF Constructors, Inc. v. Donohoe Constr. Co.*, 57 F.3d 395, 401 n.2 (4th Cir. 1995) (stating that under *Williams*, "if a party attempts to raise in a motion for reconsideration a legal issue already decided by the district court, it follows that no abuse of discretion has taken place").

In addition, Plaintiffs have not shown that the District Court abused its discretion in denying Plaintiffs' Rule 60(b) Motion on the merits.  In its September 9th Order, the District Court found that absent allegations that Defendants relied on false or deceptive studies, data, or science or that experts would testify that no expert could conclude that the Defendants' Products have an effect on non-arthritic users, "plaintiffs are not entitled to relief on their claims."  JA at 303.  As the Plaintiffs' claims require an affirmative allegation that the representations are false, this limitation simply required Plaintiffs to supply enough factual allegations to nudge their claims from conceivable to probable.  Plaintiffs do not – and cannot – cite to any cases under which they do not bear this burden.

31

Plaintiffs attempt to bolster their argument that the District Court's opinion was erroneous by citing cases in which some courts have allowed similar claims to proceed beyond the pleading stage. Pls.' Opening Br. at 30 n.10. The fact that other courts have reached the opposite result does not render the District Court's decision erroneous, let alone an abuse of discretion. *See American Elec. Power Co. v. Connecticut*, 131 S. Ct. 2527, 2540 (2011) ("[F]ederal district judges sitting as sole adjudicators, lack authority to render precedential decisions binding other judges, even members of the same court."). Furthermore, other courts have dismissed similar claims, as the District Court did here. *See, e.g., Toback*, No. 13-80526, 2013 U.S. Dist. LEXIS 131135, at *15–19 (dismissing claims where plaintiff "failed to raise his allegation that the TriFlex Vitapak is ineffective for its advertised purpose above the speculative level"); *McCrary*, 2013 U.S. Dist. LEXIS 173592, at *23 (dismissing claims because "Plaintiff still fails to link the scientific studies concerning osteoarthritis with the actual marketing and advertising claims made on the Elations product"); *Padilla v. Costco Wholesale Corp.*, No. 11 C 7686, 2013 U.S. Dist. LEXIS 7990, at *9 (N.D. Ill. Jan. 16, 2013) (dismissing claims because "clinical studies regarding the ineffectiveness of glucosamine or chondroitin in the treatment of osteoarthritis does [sic] not have any bearing on the truthfulness of the actual representations made on the Glucosamine with MSM product label"); *Eckler*, 2012 U.S. Dist. LEXIS 157132, at *27–29 (dismissing

claims where plaintiff did not show how studies finding that glucosamine and chondroitin did not alleviate symptoms of osteoarthritis established that defendant's statements regarding joint health were false or misleading); *see also Greifenstein v. Estee Lauder Corp., Inc.*, No. 12-cv-09235, 2013 WL 3874073, at *5 (N.D. Ill. July 26, 2013) (dismissing the plaintiff's claims where the study relied upon did not address the product's representations that the plaintiff alleged were false).   These latter cases refute the notion that no reasonable court could have rendered the ruling below.  This *ipso facto* refutes that the District Court abused its discretion.   Thus, to the extent the Court reviews the September 9th Order, that order should be affirmed.

## CONCLUSION

For the foregoing reasons, Defendants request that this Court affirm the June 20, 2014 Order and, if the Court finds it has jurisdiction, the September 9, 2014 Order, as well.


Dated: December 5, 2014          Respectfully Submitted,

                                 /s/     E. Duncan Getchell, Jr.

                                 E. Duncan Getchell, Jr.
                                 MCGUIREWOODS LLP
                                 One James Center
                                 901 East Cary Street
                                 Richmond, Virginia 23219

Gordon W. Schmidt
Courtney S. Schorr
MCGUIREWOODS LLP
625 Liberty Avenue, 23rd Floor
Pittsburgh, PA 15222
Tel: (412) 667-6000

*Counsel for Appellees General Nutrition
Corporation, GNC Holdings, Inc., and Rite
Aid Corporation*

## REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 34(a), Appellees General Nutrition Corporation, GNC Holdings, Inc., and Rite Aid Corporation respectfully request oral argument because this case involves complex and novel legal issues in a putative class action involving potentially millions of consumers.

Respectfully Submitted,

/s/    E. Duncan Getchell, Jr.

E. Duncan Getchell, Jr.
MCGUIREWOODS LLP
One James Center
901 East Cary Street
Richmond, Virginia 23219

Gordon W. Schmidt
Courtney S. Schorr
MCGUIREWOODS LLP
625 Liberty Avenue, 23rd Floor
Pittsburgh, PA 15222
Tel: (412) 667-6000

*Counsel for Appellees General Nutrition Corporation, GNC Holdings, Inc., and Rite Aid Corporation*

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because:

> • This brief contains 8,133 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

This brief complies with the typeface and type style requirements of Fed. R. App. P. 32(a)(5) because:

> • This brief has been prepared in a proportionally spaced 14-point Times New Roman font using Microsoft Word.

Dated:  December 5, 2014          /s/     E. Duncan Getchell, Jr.

E. Duncan Getchell, Jr.
McGuireWoods LLP
One James Center
901 East Cary Street
Richmond, Virginia 23219

*Counsel for Appellees General Nutrition Corporation, GNC Holdings, Inc., and Rite Aid Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on December 5, 2014, I electronically filed the foregoing Response Brief of Appellees with the Clerk of this Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

Robert J. Berg
Denlea & Carton
Suite 509
1 North Broadway
White Plains, NY 10601

*Counsel for Appellants*

/s/    E. Duncan Getchell, Jr.

E. Duncan Getchell, Jr.
McGuireWoods LLP
One James Center
901 East Cary Street
Richmond, Virginia 23219

*Counsel for Appellees General Nutrition Corporation, GNC Holdings, Inc., and Rite Aid Corporation*

37